UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHLEEN GALLEGOS,

                      Plaintiff,

      v.                                      DECISION AND ORDER
                                                     04-CV-773A

TOP RX, INC.,
KENNY KING, Individually and d/b/a
Top RX Pharmaceuticals, and
TOP RX PHARMACEUTICALS,

                      Defendants.

---

        Plaintiff commenced this action against defendants asserting various claims including breach of contract, fraud and employment discrimination. The case was referred to Magistrate Judge Leslie G. Foschio for pretrial proceedings.

        The defendants moved for summary judgment as to each of plaintiff's claims and the plaintiff opposed the motion. On March 12, 2008, Magistrate Judge Foschio issued a Report and Recommendation recommending that the defendants' motion be denied as to plaintiff's breach of contract claim, and that the motion be denied without prejudice as to plaintiff's remaining claims in light of plaintiff's expressed intention to discontinue those claims. The Magistrate Judge also found that summary judgment should be denied as to defendants' affirmative defense of waiver and estoppel.

The defendants filed objections to the Magistrate Judge's Report and Recommendation and the plaintiff filed a response in opposition. On July 24, 2008, this Court held oral argument on the objections. During oral argument, the Court requested supplemental briefing. The parties filed their supplemental briefs as directed and the matter was deemed submitted on September 5, 2008.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review, and after reviewing the submissions and hearing argument from the parties, the Court adopts Magistrate Judge Foschio's Report and Recommendation and denies the defendants' motion for summary judgment as to plaintiff's breach of contract claim and its affirmative defense of waiver and estoppel.

As the Magistrate Judge correctly observed, the elements of a breach of contract claim under New York law are: (1) the existence of a valid contract; (2) performance of the contract by one party; (3) breach of the contract by the other party; and (4) damages. See Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000). The contract at issue in this case is an employment agreement between the plaintiff and defendant Tops RX, Inc. As evidence of the existence of a valid employment agreement, plaintiff point to a handwritten letter

from defendant Kenny King soliciting her to work for Tops, RX, Inc.  In that letter, King stated, in sum and substance, that plaintiff's sales commission would be calculated by "working off . . . the average cost."  Plaintiff in fact accepted the offer of employment and worked for Tops RX, Inc. for approximately 13 years. During that time, she was paid a sales commission representing 1/3 of the difference from the defendants' profit and the "average cost" of the product as published in the defendants' product catalog.

Plaintiff's breach of contract dispute centers around the meaning of the term "average cost."  Putting aside that dispute for a moment, there is clearly sufficient evidence for a jury to find that a valid employment contract existed and that plaintiff performed her part of the agreement for approximately 13 years.  The fact that no single document encompasses all of the terms of the plaintiff's employment is inconsequential.  Under New York law, even an oral employment contract can act as a binding agreement between the parties.  See Dimario v. Coppola, 10 F. Supp.  2d 213, 219-20 (E.D.N.Y. 1998).[1]  It is the parties intentions that determine whether a valid contract existed.  Id.  Given the fact that plaintiff worked for the defendants for 13 years, the jury could certainly infer that the parties intended to create (and in fact did create) an employment agreement.

---

[1] Nothing in the plaintiff's complaint limits her breach of contract claim to a *written* employment agreement.

The plaintiff also presented sufficient evidence to create a triable issue of fact on the issue of the defendants' breach. Plaintiff claims that the defendants breached her employment agreement by paying her less than they had agreed. It appears that the parties agreed that the plaintiff would be paid a commission representing the difference between the defendants' profit on a product and the "average cost" of that product. The parties disagree, however, on the meaning of the term "average cost". According to the defendants, the average cost meant the "average cost" of the product as published in the defendant's product catalog. According to the plaintiff, "average cost" meant the average cost that the defendant *actually paid* for the product, which is different from the "average cost" that it published in its catalog. Plaintiff claims that the defendants artificially inflated their average cost by publishing a figure that was higher than the price they actually paid for the product. By doing so, the defendants paid the plaintiff a lower commission than she was entitled to receive under the terms of her employment agreement.

The parties differing interpretations of "average cost" represents a material issue of fact for the jury, which precludes granting the defendants' motion for summary judgment. Were the jury to find that the plaintiff's interpretation of average cost is the correct one, she would be entitled to recover damages due to the defendants' breach of that employment agreement (unless of course the jury finds that the defendants' established their affirmative defense).

Accordingly, for the reasons stated herein and in Magistrate Judge Foschio's Report and Recommendation, the defendants' motion for summary judgment is denied as to plaintiff's breach of contract claim and the defendant's affirmative defense.  The parties shall appear before the Court on September 29, 2008, at 9:00 a.m. for a meeting to set a trial date.

SO ORDERED.

                                              s/ *Richard J. Arcara*
                                              HONORABLE RICHARD J. ARCARA
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

DATED:  September 15 , 2008